### 13256

BRYCE PLUMBING & HEATING CO. v. AMERICAN SURETY CO.

(160 S. E., 593)

*Mr. Sam J. Royall,* for appellant,

*Messrs. P. H. Arrowsmith* and *Willcox & Hardee,* for respondent,

October 14, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

For convenience the plaintiff, Bryce Plumbing & Heating Company, will hereinafter be referred to as the Bryce Company; the American Surety Company as the Surety Com-

pany; and the J. M. Lawton Company as the Lawton Company.

The action is by the Bryce Company against the Surety Company for $2,257.31, alleged to be due to it by the Lawton County, under a contract between the Bryce Company and the Lawton Company, by which the Bryce Company furnished to the Lawton Company, plumbing, heating plant, and wiring for a certain schoolhouse at Estill, S. C., amounting to $6,039.31, upon which the Bryce Company acknowledges payments to the amount of $3,782, leaving unpaid $2,-257.31.

The Lawton Company was the contractor under contract with the trustees of the Estill school, for the construction and equipment of the schoolhouse, and the Surety Company was upon the bond of the Lawton Company for the faithful performance of the contract and satisfaction of all claims and demands incurred by Lawton Company in said construction and equipment.

The Lawton Company went into bankruptcy without having paid the said balance; hence this action therefor against the Surety Company.

The Surety Company raises no objection to its liability upon the bond, but denies that the Bryce Company is entitled to the full amount claimed, setting up as a defense the failure on the part of the Bryce Company to credit the Lawton Company with a payment of $2,000 made to it by the Lawton Company on June 30, 1926, upon the Estill contract, conceding its liability for the balance unpaid, $257.31, less an error of $16 in one of the credits, reducing its admitted liability to $241.31.

The case was tried before his Honor, Judge Ramage, and a jury in February, 1929; motion by defendant for directed verdict was refused; the trial resulted in a verdict in favor of the plaintiff for the full amount claimed. The defendant has appealed.

The controversy turns upon the validity of the Surety Company's claim that the account of the Lawton Company with plaintiff, involving the Estill contract, is entitled to a credit of $2,000 as of June 30, 1926, upon that contract. There is no question of the fact that this payment was made at the time stated, by the Lawton Company to the Bryce Company; the Bryce Company, however, claims that it was made and applied to another contract which it had with the Lawton Company, covering the construction and equipment of a Y. M. C. A. building for the Atlantic Coast Line, at Florence, which was practically concurrent in point of time with the contract for the Estill schoolhouse.

On June 30, 1926, the Lawton Company, through the bookkeeper, Rutledge, transmitted to the Bryce Company a check for $2,000; the pivotal question in the controversy is to which account, the Estill schoolhouse or the Y. M. C. A. building, this payment was intended or directed to be applied or to which it was legally applicable. It is obvious that Lawton Company having gone into bankruptcy, and the plaintiff having no bond on the Y. M. C. A. contract, it is to its interest that the $2,000 be applied to the Y. M. C. A. contract, leaving that much more unpaid on the Estill contract secured by the defendant's bond. If such application unquestionably appears to have been an afterthought, induced by the consideration adverted to it, it should not be countenanced.

In order for the plaintiff to recover from the Surety Company the whole of the balance of $2,257.31 alleged to be due it by the Lawton Company, it was incumbent upon the plaintiff to show that at the time of the collapse of the Lawton Company, that company owed the Bryce Company a balance of that amount; this under the circumstances could only be done by showing, not only that the Bryce Company had applied the $2,000 check delivered to it by the Lawton Company to the Y. M. C. A. account, but that it had the right to do so.

Without reviewing the evidence, it appears to the Court that the case involves a question of fact whether the plaintiff actually applied the $2,000 check transmitted to it by the Lawton Company to the Y. M. C. A. contract. If this issue should be decided in favor of the plaintiff, the question of law would arise whether it had the legal right to do so. Under the facts of the case we do not think that this legal issue was properly submitted to the jury.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.